IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 08-cv-01499-LTB

GAIL FRANKLIN,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.
_____

**ORDER**
_____

    This personal injury case is before me on Defendant, Target Corporation's, Motion to Dismiss Plaintiff's First Claim for Relief (Negligence) [**Docket # 5**]. Although Defendant filed this motion on July 17, 2008, Plaintiff did not file a response. Nonetheless, I must still examine the allegations in Plaintiff's complaint and determine whether she states a claim upon which relief can be granted. *See Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003). I conclude she does not, and dismiss Plaintiff's negligence claim with prejudice.

    This case arises out of an alleged accident occurring in a Target store in Englewood, Colorado. Plaintiff's "Factual Background" alleges she slipped on a wet floor and sustained injuries. Plaintiff filed a complaint in Arapahoe County Court on June 20, 2008, that was subsequently removed to this Court on July 16, 2008, on the basis of diversity jurisdiction [**Docket # 1**]. Plaintiff alleges one claim of negligence under Colorado common law and two claims of premises liability under the Colorado premises liability statute, COLO. REV. STAT. § 13-21-115.

    Defendant moves to dismiss Plaintiff's negligence claim under COLO. REV. STAT. § 13-

21-115(2), which provides that the Colorado premises liability statute is the exclusive remedy "in any civil action brought against a landowner by a person who alleges injury occurring while on the real property." *See Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004). Although, for reasons that are not determinable from the complaint, Plaintiff's negligence claim concerns a "large crack" in the parking lot of store—and makes no reference to the slip-and-fall alleged in the "Factual Background"—the premises liability statute applies with equal force whether the injury occurred inside the Target store, or outside in the parking lot. *See Lakeview Assocs., Ltd. v. Maes*, 907 P.2d 580, 585 (Colo. 1995). In either case, the Colorado premises liability statute is Plaintiff's exclusive remedy for her injury.

Accordingly, Defendant's Motion to Dismiss Plaintiff's First Claim for Relief (Negligence) [**Docket # 5**] is GRANTED. Plaintiff's First Claim for Relief (Negligence) is DISMISSED WITH PREJUDICE.

Dated: November   24  , 2008.

                                                    BY THE COURT:

                                                        s/Lewis T. Babcock
                                                    Lewis T. Babcock, Judge